FILED
MAY 13 2013
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Xavier Flores, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-687 |
| ) | |
| NYS Dep't of Labor/Unemployment, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues the State of New York purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He alleges, however, only that he was denied unemployment benefits. Compl. at 1. Plaintiff seeks $35 million in damages. *Id.* at 2.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff does not allege that he was denied benefits because of a disability and, therefore, has stated no facts to support an ADA claim. To the extent that plaintiff is challenging the denial of unemployment benefits by the State of New York, his recourse lies, if at all, in the New York state courts. *See David v. Comm'r of Labor, State of New York*, No. 03-CV-16, 2003 WL 21518155, at *2 (D.Minn. May 28, 2003) ("[R]ather than waiving sovereign immunity, New York has prescribed a detailed mechanism to challenge the denial of unemployment benefits, designating the state venue as the appropriate forum.") (citing N.Y. Labor Law §§ 620, 621, 626). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Amy B. Jackson
United States District Judge

Date: May 3rd, 2013